| Not For Publication |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------
|                              | )  |                |                |
| IN RE:                       | )  | CASE NO.       | 05-34351 (LMW) |
|                              | )  |                |                |
|   SANDRO T. GUILLEN, | ) | CHAPTER       | 7              |
|                              | )  |                |                |
|     DEBTOR. | ) |              |                |
------------------------------
|   AMERICAN EXPRESS CENTURION | ) | ADV. PRO. NO. | 05-3163 |
| BANK,                        | )  |                |                |
|                              | )  | DOC. I.D. NOS. | 24, 39         |
|     PLAINTIFF | ) |              |                |
|                              | )  |                |                |
|   vs.              | )  |                |                |
|                              | )  |                |                |
|   SANDRO T. GUILLEN, | ) |                |                |
|                              | )  |                |                |
|     DEFENDANT. | ) |            |                |
------------------------------

**APPEARANCES**

| Ross M. Chinitz, Esq. | Attorney for the Plaintiff |
| Doran & Chinitz | |
| 1698 Post Road East | |
| Westport, CT 06880 | |
| | |
| Sandro T. Guillen | *Pro Se* Defendant/Debtor |
| 33 Simpson Avenue | |
| Wallingford, CT 06492 | |

**SUPPLEMENTAL BRIEF MEMORANDUM**
**RE: FEES, INTEREST, AND COSTS**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on July 6, 2007, the court issued that certain Memorandum and Order Granting Motion for Summary Judgment (In Part) (A.P. Doc. I.D. No. 39, the "Prior Memorandum"). Familiarity with the Prior Memorandum is assumed and any capitalized term used but undefined herein shall have the meaning ascribed to the same in the Prior Memorandum;

**WHEREAS,** in the Prior Memorandum the court concluded that $26,717.02 in Charges were nondischargeable pursuant to Bankruptcy Code § 523(a)(2)(A). The court deferred its decision on $5,978.20 in Fees to allow American Express the opportunity to submit an affidavit (the "Affidavit") itemizing such Fees which related only to the Charges;[1]

**WHEREAS,** the Prior Memorandum granted American Express prejudgment interest on both the Charges and the Fees (as were to be substantiated by the Affidavit). The court also granted statutory costs (the "Costs") on the condition that American Express "file and serve on the Debtor an itemized application for [such] [C]osts on or before August 6, 2007." (A.P. Doc. I.D. No. 39 at 14 n.18.);

**WHEREAS,** on July 26, 2007, counsel for American Express filed a letter (A.P. Doc. I.D. No. 41, the "Letter") in lieu of the aforementioned Affidavit. The Letter indicated American Express' intent to abandon its claim for damages arising from the Fees and requested entry of judgment in the amount of $26,717.02 plus Costs and interest;

**WHEREAS,** in accordance with the representations made by American Express in the Letter, the court concludes that American Express has not satisfied its summary judgment burden with respect to the Fees. Accordingly, the court declines to award interest based upon the Fees;

---

[1] The Fees appeared to be calculated as a percentage of the entire balance on the Account which included $11,353.16 discharged in the Debtor's chapter 7 case.

**WHEREAS,** the court finds that American Express has failed to comply with the court's order regarding Costs which was set forth in the Prior Memorandum. A timely application for such Costs was not filed and served upon the Debtor. Therefore, American Express' request for Costs is denied;

**NOW, THEREFORE,** for the reasons set forth above, judgment shall not enter in favor of American Express with respect to the Fees, interest on the Fees and Costs, and the Debt with respect to the foregoing was discharged in this chapter 7 case. A separate judgment in accordance with the Prior Memorandum and this memorandum shall issue. It is **SO ORDERED.**

Dated: August 8, 2007                                             BY THE COURT

                                                                                    Lorraine Murphy Weil
                                                                                    United States Bankruptcy Judge